UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-CIV-61313-BLOOM/Valle

ERNEST LEWIS,

    Plaintiff,

v.

LVNV FUNDING, LLC,

    Defendant.
_____/

**ORDER**

THIS CAUSE is before the Court upon Defendant LVNV Funding, LLC's Motion to Dismiss Amended Complaint, ECF No. [17] ("Motion to Dismiss"), and Motion to Stay, ECF No. [23] ("Motion to Stay") (collectively, the "Motions"). The Court has reviewed the Motions, the parties supporting and opposing filings, the record, and all relevant law. Being fully advised, it is hereby adjudged that the Motion to Dismiss is granted and the Motion to Stay is denied.

**I. INTRODUCTION**

This case presents a novel question concerning the interplay between the Fair Debt Collection Practices Act, 15 U.S.C. § 1691 *et seq.* (the "FDCPA" or "Act"), the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code" or "Code"), and relevant rules and practices. According to Defendant LVNV Funding, LLC ("Defendant"), the provisions of the Code preclude the Plaintiff Ernest Lewis' cause of action under the FDCPA. After careful review of the applicable law, the Court agrees.

On June 22, 2015, Defendant removed this action from the Seventeenth Judicial Circuit in and for Broward County, Florida, invoking this Court's original jurisdiction pursuant to 28

1

U.S.C. § 1331. *See* Notice of Removal, ECF No. [1]. On July 15, 2015, Plaintiff Ernest Lewis ("Plaintiff") filed his First Amended Complaint, ECF No. [12]. The First Amended Complaint (hereinafter, "FAC") alleges that on January 21, 2015, Plaintiff filed a voluntary petition for protection under Chapter 13 of the Bankruptcy Code. FAC at ¶ 14; *see also In re Lewis*, No. 14-11293-JKO (S.D. Fla. Jan. 21, 2014) (the "Bankruptcy Proceedings"). On June 13, 2014, Defendant filed a Proof of Claim in the Bankruptcy Proceedings, seeking to collect a consumer debt which Defendant claimed it was entitled to collect upon (the "Proof of Claim" and "Claim"). FAC at ¶ 15. The Proof of Claim explicitly indicated a last charge or payment occurring prior to May 25, 1992. *Id.* at ¶ 16; *see also* Exhibit "A" to FAC (Proof of Claim). Because § 95.11(3), Florida Statutes, imposes a four year limitations period to collect the debt, the debt was clearly barred by the applicable statute of limitations and Defendant was well aware of this fact. FAC at ¶¶ 17-19. On this basis, Plaintiff objected to the Claim, which was disallowed by the presiding bankruptcy judge. *See In re Ernest L. Lewis*, No. 14-11293-JKO, ECF Nos. [39], [47] (S.D. Fla. Br. July 3, 2014).[1]

      Recognizing Defendant's eventual challenge, Plaintiff cites *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014), and contends that the filing of the unenforceable Claim was "unfair," "unconscionable," "deceptive," and "misleading" as the words are utilized in the

---

[1] Although this information is conspicuously absent from the FAC, this Court may take judicial notice of certain occurrences in the Bankruptcy Proceedings. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("[A] court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation."); *In re Delta Res., Inc.*, 54 F.3d 722, 726 (11th Cir. 1995) (taking judicial notice of bankruptcy court determination); *see also Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (noting that "[a] district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment," including documents in prior case).

FDCPA. *See* FAC at ¶¶ 21-22. Accordingly, Plaintiff brings one cause of action for a violation of the FDCPA, 15 U.S.C. § 1692(e) which prohibits, *inter alia*, deceptive or misleading acts in connection with the collection of any debt including the false representation of "the character, amount, or legal status of any debt" and the use of false representations to collect any debt. *See id.* at ¶¶ 24-35 (citing 15 U.S.C. §§ 1692(e)(2)(a) and 1692e(10)). Defendant now moves to dismiss, claiming that the FDCPA count exists in direct conflict with the Bankruptcy Code and, therefore, cannot be enforced in this context. *See* Motion, ECF No. [17].

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). When reviewing such a motion, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true.").

Consideration of a Rule 12(b) motion limits the Court to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim.  *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### III. DISCUSSION

A lack of consistency has emerged among district courts interpreting the interaction between the Bankruptcy Code and Bankruptcy Rules and the FDCPA.  In 2014, the Eleventh Circuit had occasion to resolve the dispute, but elected not to.  *See Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1262 n.7 (11th Cir. 2014).  With no apparent resolution, this Court is now asked to offer its opinion on the matter.

    A.    **The FDCPA versus the Bankruptcy Code**

According to Defendant, because the Bankruptcy Code allows a creditor to file a proof of claim notwithstanding various defenses that may be available to the debtor—in this case, a limitations defense—an FDCPA action predicated on the filing of a proof of claim is in irreconcilable conflict.  *See* Mot. to Dismiss at 2-8.  Stated differently, "the Code prescribes precisely that which Plaintiff claims the FDCPA prohibits."  *Id.* at 6.  As a result, Defendant contends, the FDCPA must give way to the Code.

In *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014), the Eleventh Circuit "consider[ed] whether a proof of claim to collect a stale debt in Chapter 13 bankruptcy violates the Fair Debt Collection Practices Act."  *Id.* at 1256.  Recognizing the "deluge" of

consumer debt buyers who, "armed with hundreds of delinquent accounts purchased from creditors," have filed proofs of claims "on debts deemed unenforceable under state statutes of limitations," the Eleventh Circuit answered the question in the affirmative. *Id.* at 1256-57. Relying on facts mimicking (but not necessarily identical to) the ones presented herein, the *Crawford* Court found that the filing of an unenforceable proof of claim could be deemed "unfair," "unconscionable," "deceptive," and "misleading," under the "least sophisticated consumer standard" utilized by courts in evaluating claims under the FDCPA. *Id.* at 1260-62. Thus, the Court determined that the defendant's conduct violated the FDCPA's plain language. *Id.* at 1262 ("[The defendant] violated the FDCPA by filing a stale claim in bankruptcy court.").

Plaintiff contends that *Crawford* has resolved the issue presented here, explicitly deeming it a violation of the FDCPA for a creditor to file a stale proof of claim in a Chapter 13 bankruptcy proceeding. Framing the inquiry in this manner misses the true nature of the pending dispute. The question is not whether the filing of an unenforceable proof of claim can provide a basis for an FDCPA violation; clearly, that question has been resolved in the affirmative by *Crawford*. *See* 758 F.3d at 1261-62. Rather, the precise inquiry is whether an FDCPA violation, like the one alleged here, is incompatible with the Bankruptcy Code as the Code seemingly places absolutely no prohibition on the filing of claims which may be defensible in some respect. *See* 11 U.S.C. § 101(5)(A). *Crawford* provides no such answer: because the defendant did not press the point on appeal, the Eleventh Circuit explicitly declined to consider whether the Bankruptcy Code displaces the FDCPA in this context. *Id.* at 1262 n.7 ("The Court also declines to weigh in on a topic the district court artfully dodged: Whether the Code 'preempts' the FDCPA when creditors misbehave in bankruptcy."). Thus, the Eleventh Circuit has not resolved the issue of preclusion.

Courts faced with this issue have reached differing results, some finding that the Code precludes the FDCPA and others concluding that the two statutes can coexist. *Compare Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2d Cir. 2010) ("[T]he filing a proof of claim in bankruptcy court cannot form the basis for an FDCPA claim."); *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 504 (9th Cir. 2002) ("This appeal also raises the issue whether a discharged debtor may pursue a simultaneous claim under the [FDCPA]. We think not, as to do so would circumvent the Bankruptcy Code's remedial scheme."); *Johnson v. Midland Funding, LLC*, 528 B.R. 462, 473 (S.D. Ala. 2015) ("[B]ecause there is irreconcilable conflict, the Act must give way to the Code."); *In re Williams*, 392 B.R. 882, 886 (Bankr. M.D. Fla. 2008) ("FDCPA claims are precluded by the Bankruptcy Code . . . ."); *B-Real, LLC v. Rogers*, 405 B.R. 428, 434 (M.D. La. 2009) ("[T]his Court finds that while the FDCPA and Bankruptcy Code overlap but generally coexist peaceably, in this specific factual situation application of the FDCPA is precluded by the Bankruptcy Code." (quotation omitted)) *with Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 278 (3d Cir. 2013) (finding "no broad categorical preclusion" of FDCPA claims by the Code); *Randolph v. IMBS, Inc.*, 368 F.3d 726, 732 (7th Cir. 2004) ("The Bankruptcy Code of 1986 does not work an implied repeal of the FDCPA . . . ."); *In re Feggins*, No. 13-11319-WRS, 2015 WL 5011224, at *12 (Bankr. M.D. Ala. Aug. 25, 2015) ("Because there is no inherent conflict between § 501 and the FDCPA, the Bankruptcy Code does not preclude a cause of action under the FDCPA that is based on a stale proof of claim."); *Hernandez v. Dyck-O'Neal, Inc.*, No. 3:14-CV-1124-J-32JBT, 2015 WL 2094263, at *3-5 (M.D. Fla. May 5, 2015) ("The Court agrees with the analysis in *Randolph* . . . operational differences between the FDCPA and the Bankruptcy Code do not add up to irreconcilable conflict . . . it is easy to enforce both statutes . . . ." (quotations omitted)); *Bacelli v. MFP, Inc.*, 729 F. Supp. 2d 1328, 1336-37

(M.D. Fla. 2010) ("[The defendant] next contends that the Bankruptcy Code 'preempts' Plaintiff's FDCPA claims. The Court disagrees.").

"When two statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 274 (3d Cir. 2013) (quoting *J.E.M. Ag Supply, Inc. v. Pioneer Hi–Bred Intern., Inc.*, 534 U.S. 124, 143-44 (2001)) (internal formatting omitted). In other words, "[t]he courts are not at liberty to pick and choose among congressional enactments . . . ." *Johnson v. Midland Funding, LLC*, 528 B.R. 462, 465 (S.D. Ala. 2015) (quoting *Morton v. Mancari*, 417 U.S. 535, 551 (1974)). "When two federal statutes address the same subject in different ways, the right question is whether one implicitly repeals the other." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) (citing *Branch v. Smith*, 538 U.S. 254, 273 (2003); *J.E.M. AG Supply*, 534 U.S. at 141-44) (describing repeal by implication as "a rare bird"). Repeal by implication is disfavored as doing so "requires the most speculation about the intent of Congress." *Miccosukee Tribe of Indians of Fla. v. U.S. Army Corps of Engineers*, 619 F.3d 1289, 1299 (11th Cir. 2010) (citing *TVA v. Hill*, 437 U.S. 153, 189 (1978)). Accordingly, "there is a presumption against finding [it]." *Id.* (citation omitted). Where two provisions act upon the same subject, "the rule is to give effect to both if possible," and implicit repeal will only be found where the intention of the legislature is "clear and manifest." *Morton v. Mancari*, 417 U.S. 535, 551 (1974) (quoting *United States v. Borden Co.*, 308 U.S. 188, 198 (1939)).

"The FDCPA is a consumer protection statute that 'imposes open-ended prohibitions on, *inter alia*, false, deceptive, or unfair' debt-collection practices." *Crawford* at 1257 (quoting *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 587 (2010)). Enacted in 1977 as part of the Consumer Credit Protection Act, the FDCPA is specifically designed to

curb "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." *Id.* (quoting 15 U.S.C. § 1692(a)). Accordingly, § 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Similarly, § 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f. The lynchpin of the operative Complaint is that the filing of a proof of claim where the claimant is time-barred from recovering on the subject debt constitutes a deceptive and/or misleading representation concerning the collection of a debt. *See* FAC. Because the filing of the proof of claim occurred in the Bankruptcy Proceeding, relevant provisions of the Code are pertinent.

"When a debtor declares bankruptcy, each of its creditors is entitled to file a proof of claim . . . ." *Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co.*, 549 U.S. 443, 449 (2007). The Bankruptcy Code is generally permissive in this respect, providing that "[a] creditor . . . *may* file a proof of claim." 11 U.S.C. § 501(a) (emphasis added). In turn, if the party in interest, typically the debtor, does not object, the claim is allowed. *See* 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."). The Code defines the term "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). As revealed by its very definition in § 101(5)(A), the term "claim" is broad in scope, seemingly encompassing those claims which may be precluded by relevant legal or equitable doctrines and pertinent statutes. Indeed, in the context of bankruptcy, the term "claim" has "the broadest available definition." *Nukote Int'l, Inc. v. Office Depot, Inc.*, No. 09-

82363-CIV, 2011 WL 2784565, at *2 (S.D. Fla. July 14, 2011) (quoting *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991)).  The purpose of this expansive definition is "so that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case." *Id.* (quoting *Epstein v. Official Comm. of Unsecured Creditors of Estate of Piper Aircraft Corp.*, 58 F.3d 1573, 1576 n.2 (11th Cir. 1995)).  Defining a claim in this all-embracing manner reveals that a creditor can file a claim regardless of whether the claim may be rendered unenforceable.

The substance of a claim is governed by state law.  *See Travelers*, 549 U.S. at 450-51 ("[T]he 'basic federal rule' in bankruptcy is that state law governs the substance of claims . . . .").  "Accordingly, when the Bankruptcy Code uses the word 'claim'—which the Code itself defines as a 'right to payment,' 11 U.S.C. § 101(5)(A)—it is usually referring to a right to payment recognized under state law." *Id.* at 451.  Thus, in the context of the instant action, the state law surrounding the applicable statute of limitations provides guidance on the filing of a proof of claim.  As noted by the Southern District of Alabama, "if a creditor has a right to payment (i.e., a property interest) recognized by applicable state law despite the lapse of the limitations period, he has a claim for such time-barred debt and is entitled to file a proof of claim as to such time-barred debt." *Johnson*, 528 B.R. at 465.  Consequently, the proper construction and application of a statute of limitations further supports the conclusion that a time-barred proof of claim may be filed in a bankruptcy proceeding.

Under Florida law, a statute of limitations bars a remedy, not a right.  *See Beach v. Great W. Bank*, 670 So. 2d 986, 991 (Fla. 4th DCA 1996) *approved*, 692 So. 2d 146 (Fla. 1997) *aff'd sub nom. Beach v. Ocwen Fed. Bank*, 523 U.S. 410 (1998) (noting that "a claim barred by a statute of limitations, [] bars not the right, but the remedy"); *Semtek Int'l Inc. v. Lockheed Martin*

*Corp.*, 531 U.S. 497, 504 (2001) ("[T]he traditional rule is that expiration of the applicable statute of limitations merely bars the remedy and does not extinguish the substantive right."); *see also Firestone Tire & Rubber Co. v. Acosta*, 612 So. 2d 1361, 1365-66 (Fla. 1992) (stating that "because statutes of limitations (like statutes of repose) relate to remedies and not substantive rights, the legislature is free to expand the period within which one can seek the remedy . . ."); *Special Disability Trust Fund, Dep't of Labor & Employment Sec. v. Robbins Mfg. Co.*, 484 So. 2d 54, 56 (Fla. 1st DCA 1986) ("While a general statute of limitations addresses the remedy and can be waived, a non-claim statute addresses the right to seek relief itself and thus cannot be waived."). This principle lends credence to the fact that a lapsed limitations period merely forecloses the creditor's remedy or, in other words, ability to recover the debt. An expired statute of limitations does not, however, negate a creditor's purported "right" to payment. *See Romero v. Toyota Motor Corp.*, 916 F. Supp. 2d 1301, 1313 (S.D. Fla. 2013) ("In contrast to a statute of limitations, which procedurally limits a plaintiff's remedy at some point after the cause of action accrued (i.e., after the defendant breached a duty), statutes of repose abolish or completely eliminate an underlying substantive right of action . . . ." (internal citation, quotation, and formatting removed)). Therefore, Defendant's filing of its Proof of Claim in the Bankruptcy Proceedings, "though potentially flawed, was an action consistent with the rights available to creditors and their attorneys through the bankruptcy system." *In re Peed*, No. 09-15486, 2012 WL 1999485, at *3 (Bankr. S.D. Ala. June 4, 2012) (addressing whether filing a motion for relief from stay in a bankruptcy proceeding "can support a claim under the FDCPA . . . when the action taken is authorized by the Bankruptcy Code and Bankruptcy Rules"). As a result, while the Code is permissive in allowing a creditor to file a proof of claim, the creditor is, in a sense, obligated to do so if it wishes to preserve its right to the debt. The Code and Rules contain an

apparatus by which the claims and defenses thereto are resolved.

When a proof of claim is filed and the debtor believes that the claim is in some respect unenforceable, the Code provides a mechanism that allows for the efficient resolution of the dispute. Section 502 of the Code provides the procedure to be adhered to when a claim is objected to. If an objection is made, the bankruptcy court must "determine the amount of such claim" and shall also ascertain whether "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). Where a claim is barred under "applicable law," for instance, an applicable statute of limitations, the bankruptcy court *must* disallow it. *See id.*; *In re Simpson*, No. 08-00137, 2008 WL 4216317, at *2 (Bankr. N.D. Ala. Aug. 29, 2008) ("The claims allowance process of the Bankruptcy Code contemplates that time-barred claims may be filed and expressly preserves the statute of limitations as a defense and a ground for disallowance of the claim."). Yet merely because the creditor was allowed to file a proof of claim, does not necessarily foreclose any and all liability. For instance, a creditor may be subjected to sanctions under Bankruptcy Rule 9011 for filing frivolous proofs of claim. *See Matter of Sekema*, 523 B.R. 651, 654-55 (Bankr. N.D. Ind. 2015) (issuing Rule 9011 sanctions where debtor's statute of limitations defense to the filed claims was "blindingly obvious"); *see also In re McLean*, 794 F.3d 1313, 1322 (11th Cir. 2015) (filing of proof of claim may violate discharge injunction: "[T]he Bankruptcy Code's reliance on proofs of claim to facilitate distribution of the bankruptcy estate does not amount to implicit approval of the filing of a proof of claim that challenges the finality of a discharge order.") (citations omitted). Nevertheless, it is clear that the Code and Rules contain a systematic reconciliation process by which both debtors and creditors can exercise the rights available to them. *See Simmons v. Roundup Funding, LLC*,

622 F.3d 93, 96 (2d Cir. 2010) ("It is beyond cavil that past bankruptcy practice, as well as explicit Bankruptcy Code provisions, have left the remedy for fraudulent and otherwise defective proofs of claim to the Bankruptcy Code." (citation omitted)); *Simpson*, 2008 WL 4216317 at *2 (reciting claims allowance process under the Code). In fact, this is precisely what occurred in the underlying Bankruptcy Proceedings. The debtor, Plaintiff in this action, objected to the Claim on the basis that the amount due was barred by the applicable statute of limitations, Fla. Stat. § 95.11. *See In re Ernest L. Lewis*, No. 14-11293-JKO, ECF No. [39] (S.D. Fla. Br. July 3, 2014). On August 11, 2014, United States Bankruptcy Judge John K. Olson sustained the objection and the claim was stricken and disallowed. *Id.* at ECF No. [47].

Although a bankruptcy court will generally resolve all issues concerning the filing of a proof of claim and objections thereto, as noted, the judicious question is whether the FDCPA's proscriptions in the specific context presented here exist in irreconcilable conflict with the Code's mechanism for resolving claim disputes. As noted by the Third Circuit in *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259 (3d Cir. 2013), "[t]he proper inquiry. . . is whether the FDCPA claim raises a direct conflict between the Code or Rules and the FDCPA, or whether both can be enforced." *Id.* at 274. The Eleventh Circuit in *Crawford* commanded this discussion by determining that a time-barred proof of claim *may* form the basis for an FDCPA violation and simultaneously declining to address the issue of preclusion. *See Crawford* at 1261-62 & n.7. After review, the Court finds that an FDCPA claim predicated upon the filing of an otherwise unenforceable claim in the bankruptcy process would allow debtors to sidestep the Code's provisions and, therefore, irreconcilably conflict with the provisions of the Code and Rules.

As stated previously, the Bankruptcy Code specifically allows a creditor to file a claim that may be rendered unenforceable by operation of the statute of limitations and Plaintiff can

point to nothing indicating the contrary. *See In re Chaussee*, 399 B.R. 225, 237 (B.A.P. 9th Cir. 2008); *see also Johnson*, 528 B.R. at 465-68 (noting that "numerous courts have upheld the right of an entity to file a proof of claim, even if that claim is clearly barred by the applicable statute of limitations" (quotation and citation omitted)); *Simpson*, 2008 WL 4216317, at *3; *B-Real*, 405 B.R. at 432. When a proof of claim is deficient in some respect, the Code and Rules contain comprehensive procedures that seek to remedy the defective claim, including those claims which may be barred by a statute of limitations. *See Chaussee* at 237 ("The Rules prescribe the procedure for filing and resolving an objection to allowance of a claim."). While the Code clearly authorizes the filing of the stale proof of claim, the FDCPA, in essence, seeks to disallow the same.[2] Thus, an unambiguous conflict is generated. Moreover, this specific conflict is irreconcilable.

"Statutory provisions are in irreconcilable conflict when 'there is a positive repugnancy between them or . . . they cannot mutually coexist.'" *Johnson*, 528 B.R. at 472 (quoting *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 155 (1976) and citing *J.E.M. Ag Supply*, 534 U.S. at 143). The Court agrees with the analysis in *Johnson v. Midland Funding*. The Code allows a creditor to file a stale proof of claim, while the FDCPA, as construed by *Crawford,* disallows the same. To the extent a creditor qualifies as a "debt collector" under the FDCPA, as Defendant does here, it will be found to have violated the FDCPA for taking an action

---

[2] As noted by the Middle District of Alabama in *In re Feggins*, the apparent conflict between "prohibition" on the one hand (FDCPA) and "authorization" on the other (Code) is generally reserved for issues involving preemption, not preclusion. *See In re Feggins*, 535 B.R. 862, 874 (Bankr. M.D. Ala. 2015) (noting that the distinction is important "in the preemption context where a state restriction conflicts with a federal authorization or 'right,'" but not necessarily in the preclusion context "because a conflict between two federal statutes does not implicate federalism"). Nevertheless, the Court finds this distinction to be important. It evidences the difficulty a creditor faces when attempting to comply with both the FDCPA and the Code.

specifically permitted under the Code and exercising a right available to it under relevant state law. *See Townsend v. Quantum3 Grp., LLC*, 535 B.R. 415, 430 (M.D. Fla. 2015) ("[T]he Bankruptcy Code does not contain a limitation on a creditor's right to file a proof of claim, aside from the fact that the creditor have the capacity to sue and be sued.") (citation omitted). In essence, Defendant is presented with a choice: either file the proof of claim which may be rendered void by operation of an applicable statute of limitation and risk liability under outside consumer finance statutory regimes or, in the alternative, forfeit any potential recovery of the debt. This clearly yields an irreconcilable conflict or an otherwise unambiguous antagonism and tension between the statutes. *See Johnson* at 472-73 (finding positive repugnancy between the FDCPA and the Code in the context of a time-barred proof of claim); *In re Jenkins*, No. 14-40226-JJR13, 2015 WL 5472513, at *4 (Bankr. N.D. Ala. Sept. 17, 2015) ("An FDCPA claim . . . cannot be based on the filing of a proof of claim, regardless of the ultimate validity of the underlying claim. The Debtor's remedy in dealing with an objectionable claim is already set forth in the claims allowance process and should be dealt with accordingly, as has already occurred in this case." (citation and quotation omitted)); *B-Real*, 405 B.R. at 434 ("[W]hile the FDCPA and Bankruptcy Code overlap but generally coexist peaceably, in this specific factual situation application of the FDCPA is precluded by the Bankruptcy Code." (citation and quotation omitted)). Consequently, "because there is irreconcilable conflict, the Act must give way to the Code." *See Johnson* at 472-73.

In *Kokoszka v. Belford*, 417 U.S. 642 (1974), the Supreme Court addressed the purpose of the Consumer Credit Protection Act, of which the FDCPA is a part:

> The Congress did not enact the Consumer Credit Protection Act in a vacuum. The drafters of the statute were well aware that the provisions and the purposes of the Bankruptcy Act and the new legislation would have to coexist. Indeed, the Consumer Credit

> Protection Act explicitly rests on both the bankruptcy and commerce powers of the Congress, 15 U.S.C. s 1671(b).
>
> \*   \*   \*
>
> An examination of the legislative history of the Consumer Protection Act makes it clear that, while it was enacted against the background of the Bankruptcy Act, it was not intended to alter the clear purpose of the latter Act to assemble, once a bankruptcy petition is filed, all of the debtor's assets for the benefit of his creditors. Indeed, Congress' concern was not the administration of a bankrupt's estate but the prevention of bankruptcy in the first place . . .
>
> \*   \*   \*
>
> *In short, the Consumer Credit Protection Act sought to prevent consumers from entering bankruptcy in the first place. However, if, despite its protection, bankruptcy did occur, the debtor's protection and remedy remained under the Bankruptcy Act.*

*Id.* at 650-51 (citing *Segal v. Rochelle*, 382 U.S. 375 (1966)) (emphasis added). The aforementioned determination adheres to this longstanding principle. FDCPA claims predicated upon the filing of a proof of claim, which is permissible under the Bankruptcy Code irrespective of the available defenses, must yield to the Code. *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 510 (9th Cir. 2002) ("Nothing in either [the Bankruptcy Code or the FDCPA] persuades us that Congress intended to allow debtors to bypass the Code's remedial scheme when it enacted the FDCPA. While the FDCPA's purpose is to avoid bankruptcy, if bankruptcy nevertheless occurs, the debtor's protection and remedy remain under the Bankruptcy Code.").

    **B.**    **Motion to Stay**

Defendant requests that the Court stay this action in order to await resolution of the aforementioned issue by the Eleventh Circuit in the matter of *Aleida Johnson, f/k/a Aleida Hill v. Midland Funding, LLC*, No. 1:14-cv-00322-WS-C (S.D. Ala.). *See* Motion to Stay at 2-3. The Court agrees that resolution of *Johnson*, which has been relied on herein, will likely put the preclusion issue to bed. However, having now decided the issue, the Court sees no need to stay this action and, accordingly, the Motion to Stay is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant LVNV Funding, LLC's Motion to Dismiss the Amended Complaint, **ECF No. [17]**, is **GRANTED**, and Defendant's Motion to Stay, **ECF No. [23]**, is **DENIED**. This action is **DISMISSED WITH PREJUDICE** and the Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 5th day of October, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record